## JIM OWENS *v*. THE STATE.

1. CARRYING WEAPONS. — Indictment charged that the accused, having a pistol about his person, unlawfully and willfully went into "a ball-room" at a designated proprietor's, "where an assembly was then and there congregated for social purposes," and specifically negatived that the accused was then and there within any of the exceptions defined in the act of 1871, "to regulate the carrying and bearing of deadly weapons." *Held*, a good indictment under the 3d section of the act. It was not necessary to allege that a ball or dance was going on when the offense was committed, or that the social gathering was composed of men and women, or of human beings.

2. SAME. — The exceptions provided to the 1st section of said act are not applicable to the 3d; for instance, the owner of the premises where a ball is going on is not licensed to carry a prohibited weapon into the ball-room; nor does danger of an immediate and pressing attack constitute a defense for carrying such a weapon into a church, a circus, or other assemblage enumerated in the 3d section. The only party excepted from the operation of the 3d section is an officer of the peace.

APPEAL from the County Court of Houston. Tried below before the Hon. S. A. MILLER, County Judge.

The charging part of the indictment alleged that the appellant, " on the twenty-eighth day of December, in the year of our Lord one thousand eight hundred and seventy-six, in the county of Houston aforesaid, did unlawfully and willfully go into a ball-room with a pistol about his person, the said ball-room being at Mrs. Simpson's, where an assembly was then and there congregated for social purposes, the said Jim Owens not then and there being a sheriff, nor then and there being a militiaman nor policeman in actual service, nor peace officer, nor other officer, nor then and there being at his own place of business, nor on his own premises, nor then and there being a traveler in the state, nor then and there being in fear of an immediate and unlawful attack upon his person or property, but then and there carrying said pistol unlawfully," etc.

*W. B. Wall*, for the appellant.

*W. B. Dunham*, for the State.

WHITE, J.    Appellant was indicted under the 3d section of the "Act to regulate the keeping and bearing of deadly weapons." Acts First Sess. Twelfth Legislature, 25 ; 2 Pasc. Dig., art. 6514.    He was convicted, and his punishment assessed at a fine of $50.

This 3d section reads as follows : " If any person shall go into any church or religious assembly, or any school-room, or other place where persons are assembled for amusement or for educational or scientific purposes, or into any circus, show, or public exhibition of any kind, or into a ball-room, social party, or social gathering, or to any election precinct on the day or days of any election where any portion of the people of this state are collected to vote at any election, or to any other place where people may be assembled to muster, or to perform any other public duty (except as may be required or permitted by law), or to any

other public assembly, and shall have or carry about his person a pistol or other fire-arm, dirk, dagger, slung-shot, sword-cane, spear, brass knuckles, bowie-knife, or any other kind of knife manufactured and sold for the purposes of offense and defense, *unless an officer of the peace*, he shall be guilty of a misdemeanor, and, on conviction thereof, shall, for the first offense, be punished by fine of not less than fifty nor more than five hundred dollars," etc.

The indictment charges that appellant " did unlawfully and willfully go into a ball-room with a pistol about his person, the said ball-room being at Mrs. Simpson's, where an assembly was then and there congregated for social purposes," etc. The indictment then negatives the fact that defendant comes within any of the classes of exceptions named in the act.

Several grounds are set forth in the motion to quash the indictment, none of which are tenable. The indictment was good in the charge either that the offense was committed in " a ball-room " or at " a social gathering," and it was not necessary, as is contended, to allege that a ball or dance was going on in the room, or that the social gathering was composed of men and women, or of human beings as contradistinguished from other animals — these things being matters of proof. The indictment simply followed the statute in defining the offense, and ordinarily that has been held sufficient.

It would scarcely be contended by any one, we imagine, that the act of carrying a pistol into " a ball-room," when no persons were present there, would *per se* constitute an offense any more than to carry the pistol into any other unoccupied house or room. The intention was specially to inhibit the act when persons were assembled at the places or for the purposes named in the law.

There is this further distinction to be noted between the provisions of the 3d and the 1st sections of the act relative to

bearing deadly weapons. In the 1st section it is provided " that this section shall not be so construed as to prohibit any person from keeping or bearing arms on his or her own premises, or at his or her own place of business, nor to prohibit sheriffs or other revenue officers, and other civil officers, from keeping or bearing arms while engaged in the discharge of their official duties, nor to prohibit persons traveling in the state from keeping or carrying arms with their baggage," etc. And section 2 provides that a person accused under the 1st section may prove, by way of defense, that he was in danger of an attack on his person, immediate and pressing.

Now, the 3d section, which we have quoted above, does not permit any one, " *unless an officer of the peace*," to carry the prohibited weapons in any of the places therein enumerated; and, according to our construction, not even the owner of the premises, unless a peace officer, is under the law authorized or excusable in doing so. Such places, when used for and appropriated to the purposes mentioned, are intended to be kept sacred and inviolate from the rights and claims which attach to the exercise of such acts of individual ownership under other circumstances. The fact that I am owner of the premises gives me no right to carry deadly weapons to the terror, annoyance, and danger of a social gathering which I may have invited to my own house, however much I may be protected in carrying them when no one is there or likely to be endangered by them but my own family.

Nor does it matter how much or with what good reason I may be in dread of an immediate and pressing attack upon my person from a deadly enemy; the imminence of such danger affords no excuse in my wearing deadly weapons to church, or in a ball-room, or other places mentioned where his attack may be made and the lives of innocent people there assembled placed in jeopardy or sacrificed.

The defense relied on in this case was that Mrs. Simpson,

who was owner of the house where the ball was, had invited the defendant to act as door-keeper and general manager, with authority to preserve peace and good order during the continuance of the ball; that she had taken the pistol in question from her son and given it to him, and that the authority thus delegated in effect gave him for the occasion a proprietary right to carry the weapon, the house being at the time, to all intents and purposes, not only his castle in law, but actually his place of business in fact.

A special instruction embodying this view of the law with relation to the facts was asked by defendant's counsel, and very properly, as we think, was refused by the court. Defendant had, however, the benefit of such defense in the evidence he was allowed to introduce upon the trial, though it appears that the jury, even if they believed it to be true — and very rightly, as we think — do not seem to have considered it a sufficient excuse or extenuation of the offense.

The charge of the court presented the law; the evidence sustains the verdict; and, perceiving no material error in the record, the judgment of the court below is in all things affirmed.

*Affirmed.*